O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GONZALEZ PEREZ, | NO. CV 11-01782-MAN |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed a Complaint on March 9, 2011, seeking review of the denial of plaintiff's application for supplemental security income ("SSI"). On April 5, 2011, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on April 24, 2012, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for further administrative proceedings; and the Commissioner requests that his decision be affirmed. The Court has taken the parties' Joint Stipulation under submission without oral argument.

1

2

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

3      On  June  16,  2008,  plaintiff  filed  an  application  for  SSI.

4  (Administrative Record ("A.R.") 21.)  Plaintiff was born on January  7,

5  1947 (A.R. 218)[1] and claims to have been disabled since November 1, 2007

6  (A.R. 21) due to "osteoarthritis, hypothyroidism, nervousness, pain in

7  her back and legs, kidney problems, and depression" (A.R. 24).

8

9      After the Commissioner denied plaintiff's claim (A.R. 21, 34-38),

10  plaintiff requested a hearing (A.R. 21; see A.R. 40-69).  On February 8,

11  2008, plaintiff, who was represented by counsel, appeared and testified

12  at a hearing before Administrative Law Judge Marilyn Mann Faulkner (the

13  "ALJ").   (A.R. 21, 213-28.)   Frank Thomas Corso, Jr., a vocational

14  expert, also testified.  (Id.)  On February 26, 2010, the ALJ denied

15  plaintiff's claim (A.R. 21-27), and the Appeals Council subsequently

16  denied plaintiff's request for review of the ALJ's decision (A.R. 3-6).

17  That decision is now at issue in this action.

18

19                ### SUMMARY OF ADMINISTRATIVE DECISION

20

21      The ALJ found that plaintiff "has not engaged in substantial

22  gainful activity since June 16, 2008, the application date."  (A.R. 23.)

23  The ALJ also found that plaintiff has the medically determinable

24  impairments of "hypothyroidism, history of urinary tract infections, and

25  lumbar spine scoliosis" but "does not have an impairment or combination

26

27      [1]    On the alleged disability onset date, plaintiff was 60 years
28  old, which is defined as a person of advanced age.   See 20 C.F.R.
    § 416.963.

2

1  of impairments that has significantly limited (or is expected to
2  significantly limit) the ability to perform basic work-related
3  activities for 12 consecutive months." (*Id.*) As such, the ALJ
4  concluded that plaintiff "does not have a severe impairment or
5  combination of impairments." (*Id.; citing* 20 C.F.R. § 416.921 *et seq.*)

7  In the alternative, the ALJ determined that even if plaintiff's
8  scoliosis were a severe impairment -- a finding which the ALJ noted was
9  "not supported by the objective medical evidence" -- "any resulting
10 limitations would not reduce [plaintiff's] residual functional capacity
11 [("RFC")] to less than light to medium work . . . ." (A.R. 26.) In
12 support of her finding, the ALJ noted that: (1) plaintiff's clinical
13 findings revealed no tenderness or spasm in her back; (2) plaintiff
14 "could perform full range of motion of the back without pain";
15 (3) plaintiff stated she could walk a half mile; and (4) plaintiff's
16 recent treatment notes indicated that she had "no back pain." (*Id.*)
17 Accordingly, based on this RFC assessment for plaintiff and the
18 testimony of the vocational expert, the ALJ found that plaintiff could
19 perform her past relevant work as a biology teacher as actually
20 performed. (*Id.*)

22 The ALJ concluded, therefore, that plaintiff has not been under a
23 disability since June 16, 2008, the date her application was filed.
24 (A.R. 26-27.)

26                          **STANDARD OF REVIEW**

28 Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's

3

1  decision to determine whether it is free from legal error and supported
2  by substantial evidence in the record as a whole.   <u>Orn v. Astrue</u>, 495
3  F.3d 625, 630 (9th Cir. 2007).   Substantial evidence is "'such relevant
4  evidence as a reasonable mind might accept as adequate to support a
5  conclusion.'"   <i>Id.</i> (citation omitted).   The "evidence must be more than
6  a mere scintilla but not necessarily a preponderance."   <u>Connett v.</u>
7  <u>Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003).   "While inferences from the
8  record can constitute substantial evidence, only those 'reasonably drawn
9  from the record' will suffice."   <u>Widmark v. Barnhart</u>, 454 F.3d 1063,
10  1066 (9th Cir. 2006)(citation omitted).

11

12  Although this Court cannot substitute its discretion for that of
13  the Commissioner, the Court nonetheless must review the record as a
14  whole, "weighing both the evidence that supports and the evidence that
15  detracts from the [Commissioner's] conclusion."   <u>Desrosiers v. Sec'y of</u>
16  <u>Health and Hum. Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); <i>see also</i>
17  <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).   "The ALJ is
18  responsible for determining credibility, resolving conflicts in medical
19  testimony, and for resolving ambiguities."   <u>Andrews v. Shalala</u>, 53 F.3d
20  1035, 1039 (9th Cir. 1995).

21

22  The Court will uphold the Commissioner's decision when the evidence
23  is susceptible to more than one rational interpretation.   <u>Burch v.</u>
24  <u>Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).   However, the Court may
25  review only the reasons stated by the ALJ in his decision "and may not
26  affirm the ALJ on a ground upon which he did not rely."   <u>Orn</u>, 495 F.3d
27  at 630; <i>see also</i> <u>Connett</u>, 340 F.3d at 874.   The Court will not reverse
28  the Commissioner's decision if it is based on harmless error, which

4

1   exists only when it is "clear from the record that an ALJ's error was
2   'inconsequential to the ultimate nondisability determination.'" <u>Robbins</u>
3   <u>v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* <u>Stout v.</u>
4   <u>Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d
5   at 679.

6
7                              **DISCUSSION**
8
9        Plaintiff claims that the ALJ erred at step two of the sequential
10  evaluation in determining that plaintiff's impairment or combination of
11  impairments is not severe.  (Joint Stipulation ("Joint Stip.") at 4,
12  11.)  Specifically, plaintiff claims that, in finding plaintiff to have
13  no severe impairment or combination of impairments, the ALJ failed to
14  consider properly the opinion of plaintiff's treating physician, Sergio
15  Ugalde, M.D.  (Joint Stip. At 4-8.)

16
17       At step two of the sequential evaluation process, the ALJ is tasked
18  with identifying a claimant's "severe" impairments.  20 C.F.R. §§
19  416.920(a)(4)(ii), 416.920(c).  A severe impairment is one that
20  "significantly limits [a claimant's] physical or mental ability to do
21  basic work activities."[2]  20 C.F.R. § 416.920(c).  Despite use of the
22  term "severe," most circuits, including the Ninth Circuit, have held

23
24       [2]  Basic work activities are "the abilities and aptitudes
25  necessary to do most jobs."  20 C.F.R. § 416.921(b).  Examples of such
    activities include:  (1) "[p]hysical functions such as walking,
26  standing, sitting, lifting, pushing, pulling, reaching, carrying or
    handling"; (2) the capacity for "seeing, hearing, and speaking"; (3)
27  "[u]nderstanding, carrying out, and remembering simple instructions";
    (4) the "[u]se of judgment"; (5) "[r]esponding appropriately to
28  supervision, co-workers and usual work situations"; and (6) "[d]ealing
    with changes in a routine work setting."  *Id.*

                                    5

that "the step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Accordingly, "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on [a claimant's] ability to work.'" Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005) (citation omitted). When determining whether an impairment is severe, claimant's age, education, and work experience will not be considered. 20 C.F.R. § 416.920(c).

In her decision, the ALJ found that plaintiff has the medically determinable impairments of "hypothyroidism," "[a] history of urinary tract infections," and "lumbar spine scoliosis." (A.R. 23.) The ALJ determined, however, that plaintiff's impairment or combination of impairments is not severe, because plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months." (*Id.*) In so finding, the ALJ relied upon not only the opinion of the consultative examiner and the medical evidence of record[3] but also the opinion of

---

[3]     In considering the opinion of the consultative examiner, the ALJ noted that:  the consultative examiner's physical examination of plaintiff was "unremarkable"; the opinion was supported by the objective medical evidence; and "[b]ased on the clinical findings, the consultative examiner concluded that [plaintiff] had no significant impairment."  (A.R. 24.)   While plaintiff did have a history of hypothyroidism, the consultative examiner found that plaintiff's condition was treated with a thyroid supplement, and there was no "indication that [plaintiff]'s thyroid problem ha[d] resulted in any functional limitations."  (*Id.*; citations omitted.)   Similarly, plaintiff's hematuria and urinary tract infections were treated with medications.  (*Id.*)  Although plaintiff was diagnosed with scoliosis, "there [wa]s no evidence in the record that [plaintiff]'s scoliosis ha[d] resulted in any functional limitations."  (*Id.*)   Lastly,

plaintiff's treating physician, Sergio Ugalde, M.D.   (A.R. 24-25.)

In an October 15, 2009 Physical Residual Functional Capacity Questionnaire, Dr. Ugalde diagnosed plaintiff with hypothyroid dyslipidemia and indicated that plaintiff's prognosis was "good." (A.R. 208.) When asked to list "[plaintiff]'s *symptoms*, including pain, dizziness, diarrhea, fatigue, etc.[,]" Dr. Ugalde wrote, "NONE." (*Id.*; emphasis in original.) Dr. Ugalde did indicate, however, that plaintiff has "occasional leg pain." (*Id.*) When asked whether plaintiff's impairments have lasted, or are expected to last, over 12 months, Dr. Ugalde wrote, "No Impairments." (A.R. 209.) Further, when asked "how often [during a typical eight hour workday] . . . is/are [plaintiff]'s pain or other symptoms sever[e] enough to interfere with the *attention and concentration* necessary to sustain simple, repetitive work tasks," Dr. Ugalde wrote, "No Pain." (*Id.*; emphasis in original.)

As properly noted by the Commissioner, to the extent that Dr. Ugalde found that plaintiff had any functional limitations, such limtiations appear to be based upon plaintiff's age. Specifically, Dr. Ugalde noted that plaintiff can tolerate normal work stress "according to a 61 [year old woman]." (A.R. 209.) Dr. Ugalde wrote that the basis for this restriction was "age." (*Id.*) Further, after finding that

---

"[plaintiff] testified that she [wa]s not taking any medications for her depression or receiving counseling, and there [wa]s no evidence of treatment by a mental health professional." (A.R. 25.) Because "[n]one of [plaintiff]'s impairments appear to have any functional limitations associated with them and they are controlled with medications," the ALJ concluded that "the evidence of record therefore fails to establish that [plaintiff] has an impairment or combination of impairments that significantly limits her ability to perform basic work activities." (*Id.*)

plaintiff had various functional limitations, *inter alia*, in her ability to walk, stand, sit, lift, carry, twist, stoop/bend, crouch, and climb ladders and stairs, Dr. Ugalde wrote, "[plaintiff] is a 61 [year old woman, and] age consideration should be observed.   [Plaintiff] can perform certain tasks but not a heavy 8 [hour] work-day."   (A.R. 211.)

Accordingly, because the functional limitations assessed by Dr. Ugalde appear to be based solely upon plaintiff's age -- a factor that is not considered when determining severity at step two -- the ALJ did not commit any reversible error in considering Dr. Ugalde's opinion and determining that plaintiff's impairment or combination of impairments is not "severe."[4]

///
///
///
///
///
///
///
///
///
///
///

---

[4]   Moreover, even assuming *arguendo* that the ALJ committed error, any error was harmless.   As discussed *supra*, the ALJ found that plaintiff's impairments of hypothyroidism and urinary tract infections were treated with medications.   Further, the ALJ determined that even if she were to find plaintiff's remaining impairment of scoliosis to be a severe impairment, plaintiff still could perform her past relevant work as a biology teacher.   Accordingly, no reversible error occurred.

8

**CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is supported by substantial evidence and is free from material legal error.  Neither reversal of the Commissioner's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration. IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 25, 2012

*Margaret A. Nagle*
_____

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

9